Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3936 | **DATE** | July 6, 2010 |
| **CASE TITLE** | Sanford v. Giannoulias | | |

**DOCKET ENTRY TEXT**

The Court *sua sponte* dismisses this case with prejudice for want of subject matter jurisdiction. All pending motions are denied as moot. Civil case terminated.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Before the Court is plaintiff Ronald Sanford's one paragraph complaint, which names Alexi Giannoulias as the sole defendant. The complaint stems from an unanswered March 5, 2010 letter Mr. Sanford's sister drafted on his behalf. The letter was addressed to the "State of Illinois Dept [sic] of Unclaimed Property Division." In the letter, Mr. Sanford referenced a purported 1980 judgment he secured in a discrimination case against "Bell and Howell." The judgment was allegedly for $10,000 and Mr. Sanford claims that because of a dispute with his attorney over "settlement fees," he did not receive his share of the judgment award.

In the March 5, 2010 letter, Mr. Sanford states that he "has no idea of how to find out what happened with the proceeds from the settlement. He is hoping that the money was turned over to the state as unclaimed property." Mr. Sanford did not receive a response to his letter prior to March 24, 2010, the date he filed a lawsuit against Mr. Giannoulias in state court.

According to Mr. Sanford, a cook county judge dismissed his state case against Mr. Giannoulias on May 24, 2010 because "you can't sue a current office holder." Mr. Sanford interpreted the state court judge's statement to mean that "by me being Afro-American that I can't sue [Giannoulias] because he's white." Sanford claims that he is "suing [Giannoulias] because he took my property and this have [sic] no racial conflicts."

The Court has an independent duty to determine whether there is subject matter jurisdiction over this case. *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). Plaintiff's complaint fails to include the required jurisdictional statement. *See* Fed.R.Civ.P. 8(a). It is clear from the face of the complaint that plaintiff is not alleging a violation of the Constitution or a federal statute. Instead, Mr. Sanford is alleging a state law claim for fraud and theft of property. Therefore, the only possible source of federal jurisdiction lies in diversity. 28 U.S.C. §1332 requires "complete diversity of citizens meaning that none of the parties on either side of the litigation may be a citizen of a state of which a party of the other side is a citizen." *Howell by Goerdt v. Tribune Enter. Co.*, 106 F.3d 215, 219 (7th Cir. 1997).

## STATEMENT

    Mr. Sanford and Mr. Giannoulias are both citizens of Illinois and are not diverse for purposes of Section 1332. Therefore, the Court does not have subject matter jurisdiction over this case and it must be dismissed. *See Am. Nat'l Bank and Tr. of Chicago v. Equitable Life Assurance Society of the U.S.*, 406 F.3d 867, 875 (7th Cir. 2005).

    The Court further notes that Mr. Sanford cannot state a valid claim against Mr. Giannoulias in either state or federal court to recover his share of the 1980 judgment proceeds. The disputed judgment is 30 years old and stemmed from a civil discrimination case against a private company. That judgment has nothing to do with Mr. Giannoulias and Mr. Giannoulias cannot provide Mr. Sanford with the relief he seeks. If Mr. Sanford wishes to further pursue locating the 1980 judgment proceeds, he should consider contacting the attorney who represented him in the underlying civil discrimination case.

    For the reasons set forth above, this case is dismissed for lack of subject matter jurisdiction and all other pending motions are denied as moot. All matters pending before the court having been resolved, this civil case is terminated.